UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TONQUIN, INC., dba JOKER PUB & GRILL, SEAN KELLY, a single person, JOSEPH HOLLENBECK and KATIE HOLLENBECK, individually and as husband and wife and the marital community composed thereof, and as Co-Guardians for C. H., C. H. and H. H., their minor children,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>28 U.S.C. §1332 |

## I. PARTIES

1. Plaintiff United Specialty Insurance Company ("USIC") is a Delaware corporation with its principal place of business in Texas.

2. Defendant Tonquin, Inc., dba Joker Pub & Grill ("Tonquin") is a Washington corporation with its principal place of business in the State of Washington, and holds itself out to the public and transacts business in King County, Washington as a sports bar that serves alcohol and food to the public.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

6552053.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3. Upon information and belief, defendant Sean Kelly is and was at all times relevant over the age of 18 and a resident of Pierce County, Washington.

4. Upon information and belief, defendants Joseph Hollenbeck, Katie Hollenbeck, C. H., C. H., and H. H. (collectively, "Claimants") are and were at all times relevant residents of King County, Washington.

## II. VENUE AND JURISDICTION

5. The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in King County, Washington.

## III. FACTS

**A. The Insurance Policy**

7. USIC issued Commercial Lines Policy No. USA 4105349 to Tonquin with effective dates of October 23, 2015 to October 23, 2016 ("Policy"). A copy of the Policy is attached as **Exhibit 1**.

8. The Policy contains Commercial General Liability Form G 00 01 12 07, which provides in relevant part:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II— Who Is An Insured.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V— Definitions.

9. The Policy contains Coverage A, Coverage B, and Coverage C.

10. Coverage A to the Policy provides, in relevant part, as follows:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit' that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B.**

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

   * * *

COMPLAINT FOR DECLARATORY JUDGMENT - 3

6552053.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**.

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

11. The Policy contains endorsement form CGL 1701 0510 that includes an amended version of the above-referenced Liquor Liability exclusion as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

  **B. It is agreed that the following exclusions from Section I Coverages are changed as shown below**:

  1. Liquor Liability

  Exclusion c., Liquor Liability of Section I Coverages, Coverage A 2. Exclusions, is deleted and entirely replaced with the following:

  **c. Liquor Liability**

  "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

   a. Causing or contributing to the intoxication of any person; or

   b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

   c. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

  This exclusion applies only if you:

   a. Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

   b. Sell, otherwise provide, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy.

12. Coverage B to the Policy provides, in relevant part, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

COMPLAINT FOR DECLARATORY JUDGMENT - 5

6552053.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

   (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

 b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

13. The Policy's endorsement form CGL 1701 0510 modifies Coverage A and Coverage B as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**.

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LABILITY COVERAGE PART

**A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

This insurance does not apply to:

\* \* \*

**5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

6552053.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

14. Coverage C to the Policy provides, in relevant part, as follows:

**COVERAGE C MEDICAL PAYMENTS**

**1. Insuring Agreement**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(a) The accident takes place in the "coverage territory" and during the policy period;

(b) The expenses are incurred and reported to us within one year of the date of the accident; and

(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**

We will not pay expenses for "bodily injury":

\* \* \*

**g. Coverage A Exclusions**

Excluded under Coverage A.

15. The Policy includes Section V – Definitions that contains the following relevant definitions:

**SECTION V — DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death, resulting from any of these at any time.

\* \* \*

COMPLAINT FOR DECLARATORY JUDGMENT - 7

16. In addition, endorsement form CGL 1701 0510 modifies relevant Policy definitions as follows:

> **3. Item 13. "Occurrence" is deleted in its entirety and replaced with the following**:
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.
>
> * * *
>
> **4. Item 14. "Personal and advertising injury" is deleted in its entirety and replaced with the following:**
>
> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
>   a. False arrest, detention or imprisonment;
>
>   b. Malicious prosecution;
>
>   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; or
>
>   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> * * *
>
> **5. Item 17. "Property damage" is deleted in its entirety and replaced with the following**:
>
> 17. "Property damage" means:
>
>   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

        b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

## B. The Underlying Lawsuit

17. On July 9, 2018, Claimants filed a lawsuit against Kelly and Tonquin in King County Superior Court, Case No. 18-2-15545-2 ("Underlying Lawsuit"). A copy of the complaint in the Underlying Lawsuit is attached as **Exhibit 2**.

18. Claimants allege they were injured when a vehicle driven by Kelly struck Claimants' vehicle on November 1, 2015.

19. Claimants allege that on November 1, 2015, prior to the collision, Kelly had consumed alcoholic beverages for several hours at Tonquin's bar.

20. Claimants allege that Tonquin continued to serve alcohol to Kelly after he displayed obvious signs of intoxication.

21. Claimants allege that Kelly subsequently left Tonquin's bar and proceeded to drive his car.

22. Claimants further allege that Kelly was legally under the influence of alcohol and his blood alcohol content was over Washington's legal limit of .08 when he left Tonquin's bar.

23. According to the Underlying Lawsuit, Kelly did not consume any alcoholic beverages from the time he left Tonquin's bar until the collision with Claimants.

24. 24. Claimants allege Tonquin "knew or should have known that Kelly was apparently under the influence of alcohol" before he left the bar.

25. Claimants allege that Tonquin breached its common law duty and violated RCW 66.44.200 by selling or giving alcoholic beverages to Kelly when he was apparently under the influence of alcohol and that none of Tonquin's employees and/or agents attempted

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

to cut off or refused service to Kelly, enquired as to Kelly's sobriety, or warned Kelly that he was drinking too much and appeared intoxicated.

26. The complaint in the Underlying Lawsuit contains a cause of action for negligence against Tonquin for serving alcoholic beverages to Kelly while he was apparently under the influence of alcohol in violation of RCW 66.44.200.

27. On or around July 26, 2018, USIC agreed to defend Tonquin under a reservation of rights to withdraw its defense. The July 26, 2018 reservation of rights letter is attached as **Exhibit 3**.

## IV.  FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT - LIQUOR LIABILITY EXCLUSION

28. USIC realleges each of the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. The Policy's CGL Form CG 00 01 12 07, SECTION I – COVERAGE A, provides that USIC will pay those sums that Tonquin becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

30. Coverage A provides that USIC has a duty to defend Tonquin against any "suit" seeking damages because of "bodily injury" or "property damage" but has no duty to defend Tonquin against any "suit" to which this insurance does not apply.

31. The Policy contains a Liquor Liability exclusion, which is amended by an endorsement, Form CGL 1701 0510, entitled SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT.

32. The Liquor Liability exclusion, per the endorsement, applies to any insured that is "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages" or that "[s]ell[s], otherwise provide[s], or make[s] available alcoholic beverages as a regular part of [its] business or operations."

COMPLAINT FOR DECLARATORY JUDGMENT - 10

6552053.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

33. The Liquor Liability exclusion, per the endorsement, excludes "bodily injury" or "property damage" for which the insured may be liable by reason of "[c]ausing or contributing to the intoxication of any person."

34. The Liquor Liability exclusion, per the endorsement, excludes "bodily injury" or "property damage" for which the insured may be liable by reason of a statute "relating to the sale, gift, distribution or use of alcoholic beverages."

35. Coverage C incorporates the Liquor Liability exclusion contained in Coverage A.

36. Tonquin is a business that sells, serves, and furnishes alcoholic beverages.

37. Tonquin sells, provides, and makes alcoholic beverages available as a regular part of its business.

38. According to the Underlying Lawsuit, Kelly was intoxicated at the time he crashed his vehicle into Claimants' vehicle, causing bodily injury and property damage to Claimants.

39. Claimants allege that Tonquin caused or contributed to Kelly's intoxication.

40. Claimants allege Tonquin violated RCW 66.44.200 by selling or serving alcohol to Kelly when he was apparently under the influence of alcohol.

41. RCW 66.44.200 is a statute that relates to the sale, gift, distribution or use of alcoholic beverages.

42. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage afforded to Tonquin for any "bodily injury" or "property damage" claims by Claimants under the Policy's Coverage A because Claimants allege that Tonquin's liability, if any, arises from a statute relating to the sale, gift, distribution or use of alcohol.

43. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage available to Tonquin under the Policy for any "bodily injury" or

COMPLAINT FOR DECLARATORY JUDGMENT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

"property damage" claims by Claimants under the Policy's Coverage A and/or Coverage C because Claimants allege that Tonquin's liability, if any, arises from its actions in causing or contributing to Kelly's intoxication.

44. Accordingly, there is no coverage for Tonquin for any of the claims in the Underlying Lawsuit based on the Liquor Liability exclusion in Coverage A and/or Coverage C to the Policy.

45. As a result, USIC seeks declaratory judgment as to its duty to defend and indemnify Tonquin under the Liquor Liability exclusion in Coverage A and/or Coverage C to the Policy.

## V. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT – "OCCURRENCE," ACCIDENT, AND EXPECTED OR INTENDED ACT EXCLUSION

46. USIC realleges each of the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Coverage A to the Policy only provides coverage for "bodily injury" or "property damage" that is caused by an "occurrence" during the policy period.

48. Per the endorsement, the Policy defines "occurrence" to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

49. Coverage C to the Policy only provides coverage for "bodily injury" caused by an accident.

50. Coverage A to the Policy excludes coverage for "bodily injury" or "property damage" that is expected or intended from the standpoint of the insured.

51. Coverage C to the Policy incorporates the above-referenced expected or intended act exclusion contained in Coverage A.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

6552053.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

52. In the Underlying Lawsuit, Claimants allege that Tonquin, "through its employees and/or agents, knew or should have known that Kelly was apparently under the influence of alcohol" before he left the bar.

53. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage afforded to Tonquin for any "bodily injury" or "property damage" claims by Claimants under Coverage A because Claimants do not allege that Tonquin's actions were caused by an "occurrence" as that term is defined in the Policy.

54. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage afforded to Tonquin for any "bodily injury" claims by Claimants under Coverage C because Claimants do not allege that Tonquin's actions were caused by an accident.

55. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage afforded to Tonquin for any "bodily injury" or "property damage" claims by Claimants under Coverage A and/or any "bodily injury" claims by Claimants under Coverage C because Claimants allege that their injuries and damages were caused by the expected or intended actions of Tonquin.

56. As a result, USIC seeks declaratory judgment as to its duty to defend and indemnify Tonquin based on an "occurrence" in Coverage A to the Policy.

## VI.  THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT – PERSONAL AND ADVERTISING INJURY

57. USIC realleges each of the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Coverage B to the Policy only provides coverage for damages because of "personal and advertising injury," which is a defined term in the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

59. There are no allegations of "personal and advertising injury" in the Underlying Lawsuit as that term is defined in the Policy.

60. Based on the allegations in the Underlying Lawsuit and the language of the Policy, there is no coverage afforded to Tonquin under Coverage B because Claimants do not allege damages because of "personal and advertising injury."

61. As a result, USIC seeks declaratory judgment as to its duty to defend and indemnify Tonquin under Coverage B to the Policy.

## VII. FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT – UNTIMELY REPORTING OF INJURIES UNDER COVERAGE C MEDICAL PAYMENTS

62. USIC realleges each of the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Coverage C to the Policy only provides coverage for certain medical expenses if such expenses are incurred and reported to USIC within one year of the date of the accident.

64. According to the Underlying Lawsuit, Claimants' injuries occurred on November 1, 2015.

65. USIC owes no obligation to provide coverage to Tonquin for the claims alleged in the Underlying Lawsuit under Coverage C because no medical expenses were reported to USIC within one year from the date of the November 1, 2015 collision between Kelly and Claimants.

66. As a result, USIC seeks declaratory judgment as to its duty to defend and indemnify Tonquin under Coverage C to the Policy.

## VIII. PRAYER FOR RELIEF

USIC prays for the following relief:

1. Declaratory judgment that USIC owes no obligation under the Policy to defend or indemnify any claims as alleged in the Underlying Lawsuit;

COMPLAINT FOR DECLARATORY JUDGMENT - 14

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1

2. Reasonable attorney fees and costs as allowed by statute and law;

3. All interest allowed by law; and

4. Such other and further relief as the Court deems just and equitable.

DATED this 27th day of July, 2018.

        s/ Eliot M. Harris
Eliot M. Harris, WSBA #36590
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: eharris@williamskastner.com

Attorneys for Plaintiff
United Specialty Insurance Company

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6552053.1